Decision and Order the record of the proceedings before Deputy Commissioner Roger L. Dillard, Jr., and the briefs submitted to the Full Commission. The appealing party has not shown good grounds to receive further evidence; reconsider the evidence; or to amend the Decision and Order.
* * * * * * * * * * * * * * *
This initial hearing in this matter was held before the Deputy Commissioner at Caledonia Correctional Institution in Tillery, North Carolina. At that time plaintiff tendered himself as a witness. Defendant tendered inmate Sam Hogan and Mr. Lee Emory, Classification Coordinator for inmates at Caledonia Correctional Institute, as witnesses in this matter.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the deputy commission as follows:
FINDINGS OF FACT
1. Plaintiff and Inmate Same Hogan were incarcerated together at Central Prison in 1990. Subsequently, plaintiff informed the correctional staff at Central Prison that inmate Sam Hogan had a knife; and, as a result of the same, a search was instituted and Same Hogan was accused of having the contraband knife. No knife was found, but as a result of plaintiff's complaints the correctional staff at Central Prison, it was made clear to inmate Sam Hogan and other inmates that it was plaintiff that had informed upon Mr. Hogan. As a result of that, plaintiff was removed from the general population at Central Prison and subsequently transferred out of Central Prison.
2. On 19 February 1992, plaintiff was transferred from Eastern Correctional Center to Caledonia Correctional Center. At that time, inmate Same Hogan was also located at Caledonia Prison in the same classification level as plaintiff.
3. Plaintiff claimed that Mr. Hogan and two other inmates sexually assaulted him in late February of 1992 at the Caledonia Prisoner's gym. Sam Hogan testified that said assault did not take place. The undersigned find that plaintiff's testimony as to the alleged sexual assault by Inmate Hogan upon him was not entirely credible; and as a result the plaintiff has failed to establish, by the preponderance of the evidence, that said sexual assault occurred.
4. In early March 1992, plaintiff indicated to the correctional staff that he was having problems with inmate Sam Hogan and asked to be put on protective custody and to be transferred out of Caledonia Prison. Subsequently, a classification committee meeting was held in March of 1992, in which it was determined to transfer the plaintiff to Piedmont Correctional Center when an opening was created, and that until the transfer was in effect, plaintiff was kept in administrative segregation for his own protection based upon his complaints about Sam Hogan. However, plaintiff during this period of administrative segregation, requested numerous times to be released from the same and to be able to go back into the general population even though this would expose him to inmate Sam Hogan.
5. Plaintiff never specifically stated that inmate Same Hogan, or other inmates, had sexually assaulted him at Caledonia Prison in February of 1992. Plaintiff only related that he was having problems with inmate Sam Hogan. The undersigned find as a fact that defendant, North Carolina Department of Correction, therefore, had no knowledge of any alleged sexual assault perpetrated upon plaintiff by Mr. Hogan based upon the failure of plaintiff to inform defendant of the same.
6. Plaintiff's evidence was void of proof of damages.
7. The undersigned are of the opinion that the transfer of plaintiff to Caledonia Prison where inmate Sam Hogan was housed was in improper action by defendant in view of the problems which had existed between plaintiff and Sam Hogan at Central Prison in 1990. However, this improper action upon the part of defendant does not rise of the level of legal negligence in that there was no showing directly or indirectly of any damages suffered by plaintiff as a result of being located with same Hogan other than the allegation f the sexual assault which the undersigned finds as a fact did not occur.
* * * * * * * * * * * * * *
Based upon the findings of fact the Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff is not entitled to an award against defendant due to lack of damages relating to the improper transfer of plaintiff to Caledonia Prison. An improper action, violation of procedure or operation standards, without harm or other negative results, is not actionable in and of itself as a negligence claim under the Tort Clams Act. The undersigned conclude as a matter of law that plaintiff suffered no damages from the actions of defendant.
* * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby DENIED.
2. Plaintiff's motion of 26 March 1995 for further medical examinations and/or a new hearing based on newly discovered evidence is HEREBY DENIED.
3. Each side shall bear its own costs.
 S/ ________________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________________ COY M. VANCE COMMISSIONER